IN THE UNITED STATES COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - x

DISTRICT OF COLUMBIA <u>ex rel</u>          :
                                            :
KENNETH WALKER,                             :
1301 Belmont Street, N.W., #7               :
Washington, DC 20009                        :
                                            :
BRINGING THIS ACTION ON                     :
BEHALF OF THE DISTRICT                      :
OF COLUMBIA                                 :
                                            :          Civil Action No.
c/o Robert J. Spagnoletti                   :
Attorney General, DC                        :
1350 Pennsylvania Avenue, N.W.              :
Washington, D.C. 20004                      :
                                            :
                              Plaintiffs,   :
                                            :
              V.                            :
                                            :
MERCK & COMPANY,                            :
619 One Merck Drive                         :
Whitehouse Station, NJ 08889                :
                                            :
                              Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - x

## ANSWER, DEFENSES AND JURY DEMAND

Defendant Merck & Co., Inc. ("Merck"), incorrectly sued herein as Merck & Company, by its undersigned attorneys, answers Plaintiffs' Complaint ("Complaint") herein as follows. Any allegation in the Complaint not explicitly responded to in this Answer is hereby denied.

1. Merck denies each and every allegation contained in the first sentence of paragraph 1 of the Complaint, except admits that Plaintiffs purport to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought. The

allegations contained in the second sentence of paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required.

2.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies them.

3.  Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4.  The allegations contained in paragraph 4 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

5.  The allegations contained in paragraph 5 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

6.  Merck denies each and every allegation contained paragraph 6 of the Complaint, except admits that Plaintiffs purport to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

7.  The allegations contained in paragraph 7 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

8.  The allegations contained in paragraph 8 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

9.  The allegations contained in paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.  Merck denies each and every allegation contained in paragraph 10 of the Complaint, except admits that plaintiff purports to bring this action on behalf of himself, the District of Columbia and the District of Columbia residents who purchased Vioxx, but denies there is any legal or factual basis for relief.

## RESPONSE TO "BACKGROUND"

11.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies them.

12.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies them.

13.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies them.

14. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies them.

15. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies them.

16. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies them.

17. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 17 of the Complaint, and on that basis denies them. Merck denies each and every allegation contained in the second sentence of paragraph 17 of the Complaint.

18. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies them. Merck further avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking the placebo. Merck further avers that given the availability of alternative therapies and questions raised by data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

19. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second-numbered paragraph 7 of the Complaint, and on that basis denies them. Merck further avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking the placebo. Merck further avers that given the availability of alternative therapies and questions raised by data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

20. The allegations contained in the first sentence of paragraph 20 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Merck admits the allegations contained in the second sentence of paragraph 20 of the Complaint.

21. The allegations contained in paragraph 21 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

22. The allegations contained in paragraph 22 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

23. The allegations contained in paragraph 23 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

24.  The allegations contained in paragraph 24 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

25.  The allegations contained in paragraph 25 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

26.  The allegations contained in paragraph 26 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

27.  Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and on that basis denies them.

28.  Merck denies each and every allegation contained in paragraph 28 of the Complaint, except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking the placebo.  Merck further avers that given the availability of alternative therapies and questions raised by data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

29.  Merck denies each and every allegation contained in paragraph 29 of the Complaint.

30. Merck denies each and every allegation contained in paragraph 30 of the Complaint, except Merck admits that it trains its professional representatives.

31. Merck denies each and every allegation contained in paragraph 31 of the Complaint, except Merck admits that it trains its professional representatives.

32. Merck denies each and every allegation contained in paragraph 32 of the Complaint, except admits the referenced study and article exist, and respectfully refers the Court to said documents for their actual conclusions and full text.

33. Merck denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck professional representatives were provided with a Cardiovascular Card and respectfully refers the Court to that card and the instructions for that card's use for its actual language, full text, and context.

34. Merck denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck professional representatives were provided with a Cardiovascular Card and respectfully refers the Court to that card and the instructions for that card's use for its actual language, full text, and context.

35. Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that Merck and the FDA Arthritis Advisory Committee on Vioxx Gastrointestinal Safety recommended that results from the VIGOR study be included in the labeling for Vioxx.

36. Merck denies each and every allegation contained in paragraph 36 of the Complaint, except admits that plaintiffs refer to a Merck bulletin, and respectfully refers the Court to said bulletin for its actual language and full context.

37. Merck denies each and every allegation contained in paragraph 37 of the Complaint, except admits that the referenced article exists and refers the court to said article for its actual language and full text.

38. Merck denies each and every allegation contained in the paragraph 38 of the Complaint.

39. Merck denies each and every allegation contained in the paragraph 39 of the Complaint.

40. Merck denies each and every allegation contained in the paragraph 40 of the Complaint.

41. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and on that basis denies them.

42. Merck denies each and every allegation contained in the paragraph 42 of the Complaint.

## RESPONSE TO "COUNT I
## (VIOLATION OF DC CODE SECTION 2-308.14(a)(2))"

43. With respect to the allegations contained in paragraph 43 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

44. The allegations contained in paragraph 44 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

45. The allegations contained in paragraph 45 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

46. The allegations contained in paragraph 46 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

47. Merck denies each and every allegation contained in the first sentence of paragraph 47 of the Complaint. Merck is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 47 of the Complaint, and on that basis denies them.

48. Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49. Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50. Merck denies each and every allegation contained in the first sentence of paragraph 50 of the Complaint. The allegations contained in the second sentence of paragraph 50 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Merck denies each and every allegation contained in the third sentence of paragraph 50 of the Complaint.

The "Wherefore" paragraph following paragraph 50 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "COUNT II
## (CONSUMER PROTECTION PROCEDURES)"

51.  With respect to the allegations contained in paragraph 51 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

52.  Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.  The allegations contained in paragraph 53 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

54.  Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.  The allegations contained in paragraph 55 of the Complaint are not directed toward Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

56.  Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.  Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.  Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59. Merck denies each and every allegation contained in paragraph 59 of the Complaint.

The "Wherefore" paragraph following paragraph 59 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be required, Merck denies each and every allegation contained in said paragraph.

## DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, Merck alleges as follows:

### First Defense

60. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and statutes of repose and is otherwise untimely.

### Second Defense

61. The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

62. The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

### Fourth Defense

63. The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### Fifth Defense

64. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### Sixth Defense

65. If Plaintiff have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### Seventh Defense

66. To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### Eighth Defense

67. To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### Ninth Defense

68. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### Tenth Defense

69. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of

persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### Eleventh Defense

70.  If Plaintiffs have sustained injuries as alleged in the Complaint, Merck is not liable to the extent that Vioxx was used for a purpose other than for which it was intended, in a manner other than which it was intended to be used, or in disregard of instructions and directions regarding its use.  Such misuse was not reasonably foreseeable to Merck.  *See Payne v. Soft Sheen Prods., Inc.*, 486 A.2d 712, 726 (D.C. 1985).

### Twelfth Defense

71.  To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### Thirteenth Defense

72.  To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under N.J.S.A. 2A:15-97.

### Fourteenth Defense

73.  Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Fifteenth Defense

74.  To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### Sixteenth Defense

75.  Plaintiffs' claims are barred in whole or in part by the First Amendment.

### Seventeenth Defense

76.  Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### Eighteenth Defense

77.  There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### Nineteenth Defense

78.  Venue in this case is improper.  This case is more appropriately brought in a different venue.

### Twentieth Defense

79.  The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### Twenty-First Defense

80.  The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### Twenty-Second Defense

81.  The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

### Twenty-Third Defense

82.  The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

### Twenty-Fourth Defense

83.  The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

### Twenty-Fifth Defense

84.  To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### Twenty-Sixth Defense

85.  The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### Twenty-Seventh Defense

86.  The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

### Twenty-Eighth Defense

87.  Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### Twenty-Ninth Defense

88.  Plaintiffs have not sustained any injury or damages compensable at law.

### Thirtieth Defense

89.  To the extent that Plaintiffs seek exemplary or punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### Thirty-First Defense

90.  To the extent that Plaintiffs seek punitive damages for an alleged act or omission by Merck, no such act or omission was "outrageous . . . malicious, wanton, reckless, or in willful disregard" of Plaintiffs' rights. *Tolson v. District of Columbia*, 860 A.2d 336, 345 (D.C. 2004); *see Calvetti v. Antcliff*, 346 F. Supp. 2nd 92, 108 (D.D.C. 2004).

### Thirty-Second Defense

91.  Plaintiffs' demand for exemplary or punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### Thirty-Third Defense

92.  Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts, which has been adopted by the District of Columbia. *See Raynor v. Richardson-Merrell, Inc.*, 643 F.Supp. 238, 247 (D.D.C. 1986); *Fisher v. Sibley Mem'l Hosp.*, 403 A.2d 1130, 1134 (D.C. 1979).

### Thirty-Fourth Defense

93.  Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### Thirty-Fifth Defense

94.  Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

### Thirty-Sixth Defense

95.  Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### Thirty-Seventh Defense

96.  With respect to each of Plaintiffs' claims, all product(s) which are the subject matter of this action were prepared by Merck and provided by Merck, including their labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statues and regulations; approval of preparation of said product(s) was obtained in compliance with all requirements pertaining to the preparation and/or

distribution of such product(s) and was accomplished pursuant to acceptable standards of conduct.

### Thirty-Eighth Defense

97.  Plaintiff may be barred, in whole or in part, from pursuing this action because of the existence of a prior pending action in another court.

### Thirty-Ninth Defense

98.  Plaintiff's tort-based claims are barred by the economic loss doctrine.

### Fortieth Defense

99.  Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

### Forty-First Defense

100.  Plaintiffs cannot recover in the capacity in which they have sued because they are not the real-party-in-interest with respect to Plaintiffs' claims.

### Forty-Second Defense

101.  The federal FDA has implemented a comprehensive regulatory scheme governing the safety and efficacy of prescription drugs.  Vioxx, the drug at issue in this case, was approved by the FDA pursuant to the applicable statutes and regulations.  The labeling for Vioxx was also approved by the FDA, and the marketing was conducted in conformity with the FDA's rules and regulations.  Such actions and federal statutes and regulations bar and preempt all of Plaintiffs' claims under state law.

### Forty-Third Defense

102.  Plaintiffs claims are not suitable for joinder.

### Forty-Fourth Defense

103.   Plaintiffs claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Forty-Fifth Defense

104.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses may have been caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

### Forty-Sixth Defense

105.   Plaintiff's claims may be barred, in whole or in part, by the governing laws of the District of Columbia.


Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

106.   WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

107.  Merck demands a trial by jury as to all issues so triable.

WILLIAMS & CONNOLLY LLP


By: *Katherine Leong*
          Douglas R. Marvin
          (D.C. Bar No. 933671)
          Paul K. Dueffert
          (D.C. Bar No. 435452)
          Katherine Leong
          (D.C. Bar No. 492457)

725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendant Merck & Co., Inc.*

Dated:  July 7, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of July, 2008, a true copy of the foregoing Answer, Defenses, and Jury Demand was served by U.S. first-class mail, postage prepaid to:

> H. Vincent McKnight, Jr., Esq.
> ASHCRAFT & GEREL, LLP
> 2000 L Street, NW
> Suite 400
> Washington, DC  20036

_____
Katherine Leong